Filed 4/21/22  P. v. Esquivel CA2/5
Opinion on remand from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B294024 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA102362) |
| v. | |
| RANDOLPH STEVEN ESQUIVEL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jesus I. Rodriguez, Judge.  Affirmed as modified.

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

Ron Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen and David W. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

Defendant and appellant Randolph Steven Esquivel was convicted, by plea, of willfully attempting to burn a structure (Pen. Code, § 455).[1]  A prison sentence of five years was imposed, but execution was suspended, and he was granted probation. Upon violation of probation, his probation was revoked and the previously imposed sentence executed.  There followed a series of events, including California Supreme Court review and multiple amendments to applicable sentencing laws.  During this time, defendant completed his term and was released on parole. Although it is now undisputed that two of the five years of his sentence must be stricken, the Attorney General argues that it should be permitted to rescind the plea agreement and return to the status quo ante.  Recently codified authority prohibits this result.  We modify defendant's sentence to strike both one-year priors, and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

### 1.    *Proceedings in the Trial Court*

In 2015, defendant was charged by information with willful attempt to burn (§ 455) and possession of flammable material with the intent to maliciously use (§ 453, subd. (a)).  With respect to both counts, he was alleged to have suffered two prior prison terms (§ 667.5, subd. (b)), a prior strike (§ 667, subds. (b)-(j)), and a prior serious felony conviction (§ 667, subd. (a)(1)).

On September 11, 2015, defendant entered a negotiated plea of no contest to the count of willful attempt to burn, and an

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

2

admission of the priors, in exchange for a five-year suspended sentence.

The sentence was calculated as follows:  The three-year high term for intent to burn, plus two years for the two prior prison terms.  The strike and prior serious felony conviction enhancements were stricken in the interests of justice.  The five-year term was imposed and stayed, pending successful completion of five years' formal probation.

For several months in 2018, defendant failed to report to probation.  In the interim, he had been convicted of domestic violence (§ 243, subd. (e)) and was arrested two additional times, giving police a false name on each occasion.

At a probation violation hearing, the court found defendant in violation of probation for multiple reasons:  he failed to report to probation; he sustained the domestic violence conviction; and he failed to inform probation of that conviction.  The court terminated probation and executed the five-year sentence previously imposed and suspended.

## 2.   *Initial Appeal*

Defendant filed a timely notice of appeal.  On appeal, defendant made three arguments:  (1) the court misunderstood its discretion to reinstate probation, and therefore did not make an informed appraisal of whether to reinstate probation; (2) an intervening change in the law (Sen. Bill No. 136 (SB 136)) required the two prior prison term enhancements to be stricken; and (3) the court erred in imposing a minimum restitution fine and court fees without a determination of his ability to pay.

We held (1) there was no error in failing to reinstate probation; and (2) the sentencing issues were not cognizable on the appeal because defendant's sentence was final when it was imposed (albeit with execution suspended), and defendant failed

to timely appeal the original sentence. (*People v. Esquivel* (Mar. 26, 2020, B294024) [nonpub. opn.] [2020 WL 1465895].)

### 3. *Supreme Court Review*

The California Supreme Court granted review, limited to the issue: "Is the judgment in a criminal case considered final for purposes of applying a later ameliorative change in the law when probation is granted and execution of sentence is suspended or only upon revocation of probation when the suspended sentence is ordered into effect?"

The court concluded that the sentence was not final until executed. (*People v. Esquivel* (2021) 11 Cal.5th 671 (*Esquivel*).) As such, defendant was entitled to the benefit of intervening changes in the law that were retroactive to cases not yet final – including SB 136. The matter was remanded to this court for further proceedings consistent with the high court's opinion.[2]

### 4. *Arguments on Remand*

On remand to this court, the Attorney General argued that simply striking the two now invalid one-year section 667.5,

---

[2] As the Supreme Court granted review on the limited issue of sentence finality, our original resolution of defendant's contention regarding the court's failure to reinstate probation was untouched by the grant of review and still applies. (See Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2021) ¶ 13:120.1(a) [if the Supreme Court reviews only selected issues, remaining issues are decided by either the original Court of Appeal opinion or subsequent action by the Court of Appeal as directed by the Supreme Court].) In our original opinion, we also held that defendant's argument on his inability to pay fines and fees was barred by the finality of the original imposition of sentence. Although the Supreme Court held the original imposition of sentence was not, in fact, final, defendant makes no argument regarding the ability-to-pay issue on remand. We treat it as abandoned.

4

subdivision (b) enhancements would deprive the prosecution of the benefit of its plea bargain.  It sought remand to the trial court with directions to permit the People to rescind the plea agreement, with the understanding that any resentencing could be for a longer term than the initially-imposed five years.

Defendant argued that this court should strike the two enhancements, and there is no need to remand for resentencing. (Defendant also offered an alternative disposition that would have returned the case to the trial court.  In light of the decision that we reach, we need not address this alternative argument.)

**5.      *Further Legislative Action***

In 2021, after briefing had been completed in the present appeal, the Legislature enacted another statute, Senate Bill No. 483 (SB 483), which was codified in section 1171.1.  That statute provides that the earlier legislation, SB 136, which limited section 667.5, subdivision (b) enhancements to prior prison terms imposed for sexually violent offenses, was fully retroactive to all defendants, even those whose judgment was final.

Section 1171.1 provides that "[a]ny sentence enhancement imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1171.1, subd. (a).)  It also states that the Department of Corrections and Rehabilitation and the county correctional administrator of each county "shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and shall provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement."  (*Id.* at subd. (b).)

5

Sentencing courts, upon receiving the information from correctional officials, shall recall the sentences and resentence the individuals. (*Id.* at subd. (c).) The statute creates a time line so those inmates "who have served their base term and any other enhancements and are currently serving a sentence based on the [SB 136] enhancement" will have their sentences reviewed first. (*Id.* at subds. (b) & (c).) Resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed."[3] (*Id.* at subd. (d)(1).)

An uncodified section of the law provided that "[i]t is the intent of the Legislature that any changes to a sentence as a result of the act that added this section shall not be a basis for a prosecutor or court to rescind a plea agreement." (Stats 2021, ch. 728, § 1.) We sought additional briefing on the effect, if any, of section 1171.1 on the current appeal.[4]

In his supplemental briefs, the Attorney General takes the position that, the uncodified provision notwithstanding, the prosecutor is entitled to rescind the plea. The Attorney General

---

[3] The statue also provides that the court shall appoint counsel for resentencing (§ 1171.1, subd. (d)(5)) and may consider postconviction factors (*id.* at subd. (d)(3)). "The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.* at subd. (d)(2).)

[4] Section 1171.1 became effective January 1, 2022.

6

reasons that the SB 483 procedures apply only to defendants serving prison terms for invalid section 667.5, subdivision (b) enhancements. The Attorney General represents that defendant has been released from prison, having completed his term in June 2021, and was placed on parole. As he is no longer in prison, the Attorney General argues, defendant falls outside the scope of the statute, and the prosecutor is permitted to rescind the plea agreement and seek a longer sentence.

## *DISCUSSION*

Defendant's sentence consists of the three-year high term for the offense, plus two years for the prior prison terms. Following the Supreme Court's opinion in this matter and SB 483, the two prior prison term enhancements imposed in this case are statutorily "invalid."[5] The Attorney General concedes the point. However, the Attorney General argues that if we simply modify the sentence to strike two years, it will be deprived of the benefit of its plea bargain. The argument follows that the prosecution should be entitled to rescind the plea agreement, and defendant may be subject to a longer sentence.

The Legislature appears to have undercut the Attorney General's argument by addressing this very question: "It is the intent of the Legislature that any changes to a sentence as a

---

[5] The Supreme Court's holding was that defendant's sentence was not final until it was executed, and agreed with the parties' concession that SB 136 applied to all cases not yet final. (*Esquivel, supra,* 11 Cal.5th at pp. 674, fn. 1 & 678.) SB 483 extended the Supreme Court's holding by providing that any SB 136 sentence enhancements that were imposed prior to January 1, 2020, were *invalid*, meaning that it applied not only to cases not yet final on appeal, but to *all* such enhancements imposed prior to January 1, 2020, even those in final judgments. Defendant was sentenced in 2015.

7

result of the act that added this section shall not be a basis for a prosecutor or court to rescind a plea agreement." (Stats 2021, ch. 728, § 1.)

The Attorney General, undeterred, argues that, because defendant here has completed his custody term, he is outside the scope of SB 483. From there, it follows that the prosecution is not prohibited from rescinding the original plea bargain on remand, and defendant may be resentenced to a greater term. The Attorney General reads too much into the statute.

The Attorney General's argument assumes that only state and county correctional officials can trigger the process established by SB 483. His letter brief states, in part: "However, [SB] 483 contains a significant limitation. By its terms, resentencing under [SB] 483 is available only to 'those persons in [CDCR] custody *currently serving a term* for a judgment that includes an enhancement [pursuant to section 667.5, subdivision (b)].' " The fatal weakness in that argument is that the Attorney General's "[SB] 483 is available only" language is nowhere to be found in the statute.

As relevant to the current appeal, SB 483, as codified in section 1171.1, has two principal components. First in subdivision (a), the statute declares that the one year enhancement, except when imposed on a conviction for a sexually violent offense, is "legally invalid." Next is subdivision (b) on which the Attorney General relies:

"(b) The Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and shall provide the name of each person, along with the person's date of birth and the relevant

8

case number or docket number, to the sentencing court that imposed the enhancement.  This information shall be provided as follows:

"(1) By March 1, 2022, for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the enhancement.  For purposes of this paragraph, all other enhancements shall be considered to have been served first.

(2)  By July 1, 2022, for all other individuals."[6]

Nothing in the statute says SB 483 is limited to those who are in custody.  On the contrary, the Legislature has imposed mandatory duties on correctional officers for inmates whose sentences include the SB 136 enhancements.  They must advise

---

[6]     Related provisions include:

"(c) Upon receiving the information described in subdivision (b), the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a).  If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant. The review and resentencing shall be completed as follows:

"(1) By October 1, 2022, for individuals who have served their base term and any other enhancement and are currently serving a sentence based on the enhancement.

"(2) By December 31, 2023, for all other individuals.

"(d)(1) Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed."

the court that those inmates may be eligible for SB 136 relief. Upon receipt of the relevant information the trial court "shall review the judgment and verify that the current judgment includes a [SB 136] sentencing enhancement." There is nothing in the statute that denies SB 136 relief to those persons who are not in custody and whose appeals are still pending in the appellate courts. Nothing is said about the appellate courts at all.

Defendant served the entirety of his sentence, including two section 667.5, subdivision (b) enhancements which are now invalid. We modify his sentence to strike those enhancements, and otherwise affirm.[7]

### *DISPOSITION*

Defendant's sentence is modified to strike the two section 667.5, subdivision (b) enhancements. As modified, the judgment is affirmed.

RUBIN, P. J.

WE CONCUR:

BAKER, J.                    KIM, J.

---

[7] Our discussion is limited to defendants, like Esquivel, who have completed their terms but are nonetheless entitled to relief because their cases are not yet final. We express no opinion as to the effect of the statute on defendants whose cases are final and who have already fully served their sentences.